UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE BARKLEY,<br><br>            Plaintiff,<br><br>     v.<br><br>CALIFORNIA CORRECTIONAL<br>HEALTH CARE SERVICES, et al.,<br><br>            Defendants. | No. 2:16-cv-1386 CKD P<br><br><br>ORDER |

The discovery deadline in this pro se prisoner civil rights action is July 7, 2017. (ECF No. 26.) Plaintiff has requested a six-month extension of time to complete discovery, as he currently does not have access to the records pertaining to this case. (ECF No. 28.) Defendants have not opposed the motion. While the court declines to extend the pretrial deadlines by a full six months, good cause appearing, the schedule will be extended by three months.

Plaintiff has also filed a motion to modify a subpoena seeking his prison medical records and health care appeals from January 1, 2015 to the present. (ECF No. 27.) Plaintiff requests that the subpoena be limited to records dating from April 21, 2015 to March 11, 2016, the period of time described in the complaint. He also asks that the subpoena be modified to omit the request for "Any and all communications sent to or received from Jermaine Barkley." (See ECF No. 27 at 4.)

////

1

1    "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any
2    party's claim or defense. . . . Relevant information need not be admissible at the trial if the
3    discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R.
4    Civ. P. 26(b)(1). Evidence is relevant if it has "any tendency to make the existence of any fact
5    that is of consequence to the determination of the action more probable or less probable than it
6    would be without the evidence." Fed. R. Evid. 401. The court must limit discovery when "the
7    burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.
8    26(b)(2)(C)(iii). The court may also limit the extent of discovery to protect a party or person
9    from annoyance, embarrassment, oppression, undue burden or other improper purposes. Fed. R.
10   Civ. P. 26(c)(1), 26(g)(1)(B)(ii).

11   A nonparty may be compelled to produce documents and tangible things via a Rule 45
12   subpoena. Fed. R. Civ. P. 34(c). Rule 45 permits a party to issue a "subpoena commanding the
13   person to whom it is directed to attend and give testimony or to produce and permit inspection of
14   designated records or things." Fed. R. Civ. P. 45(a)(1)(C). The recipient may object to a
15   subpoena, or move to quash or modify it. Fed. R. Civ. P. 45(c)(2), 45(c)(3). "[T]he court that
16   issued the subpoena ... can entertain a motion to quash or modify a subpoena." S.E.C. v. CMKM
17   Diamonds, Inc., 656 F.3d 829, 832 (9th Cir. 2011). The issuing court must quash or modify a
18   subpoena that:

19       (i) fails to allow a reasonable time to comply;

20       (ii) requires a person who is neither a party nor a party's officer to
21       travel more than 100 miles from where that person resides, is
         employed, or regularly transacts *643 business in person-except
22       that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded
         to attend a trial by traveling from any such place within the state
23       where the trial is held;

24       (iii) requires disclosure of privileged or other protected matter, if no
         exception or waiver applies; or

25       (iv) subjects a person to undue burden.

26   Fed. R. Civ. P. 45(c)(3)(A).
27   ////
28   ////

2

Additionally, the issuing court may quash or modify a subpoena if it requires:

> (i) disclosing a trade secret or other confidential research, development, or commercial information;
>
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
>
> (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

Fed. R. Civ. P. 45(c)(3)(B).

As another court in this district has stated, "the preliminary issue before the court is whether plaintiff has standing to move to quash subpoenas directed to third parties. The Ninth Circuit has yet to address the question of whether a party has standing to bring a motion to quash since usually only the subpoenaed non-party may move to quash. The general rule, however, is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." California Sportfishing Protection Alliance v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. Feb. 18, 2014), citing Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo.1997).

Here, plaintiff has not shown that any of the records sought are privileged. However, "a party may seek relief related to a third-party subpoena under certain circumstances, and in this instance, the subpoenas involve Plaintiff's own medical records[,]" Bryant v. Shaeffer, 2015 WL 545934, *3 (E.D. Cal. Feb. 10, 2015), as well as "any and all communications sent to or received by" plaintiff. See also Blotzer v. L-3 Communications Corp., 287 F.R.D. 507, 509-510 (D. Ariz. April 11, 2012) (finding plaintiffs had standing to challenge third-party subpoena seeking information "both private and irrelevant to the case").

"Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena." Moon v. SCP Pool Corp., 232 F.R.D. 633, 737 (C.D. Cal. Dec. 7, 2005), citing Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter, 211 F.R.D. 658, 662 (D. Kan. 2003). In evaluating whether a subpoenaed party is unduly burdened, the court should weigh the burden against the requested information's relevance, need of the serving party

for the information, the breadth of the information requested, the time period covered by the request, and the particularity with which the request is made. Moon, 232 F.R.D. at 637.

Here, plaintiff's medical records and health care appeals, even after the alleged events, are relevant and discoverable. However, defendants' request for "any and all communications sent to or received from" plaintiff is not reasonably limited in scope nor relevant to the claims and defenses in this action. As this request imposes an undue burden on the third party prison, plaintiff's motion to modify the subpoena will be granted as to this item and otherwise denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time (ECF No. 28) is partially granted as follows:

    a. The parties may conduct discovery until October 13, 2017. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

    b. All pretrial motions, except motions to compel discovery, shall be filed on or before January 12, 2018.

2. Plaintiff's motion for court order re subpoena (ECF No. 27) is partially granted as follows:

    a. Defendants shall not utilize any documents or information as to "communications sent to or received from" plaintiff which they obtained through the subpoena served on Mule State Prison ; and

    b. The subpoena at ECF No. 27-4 is quashed as to the request for "Additional Records: Any and all communications sent to or received from Jermaine Barkley," and otherwise unchanged.

3. The Clerk of Court shall serve a copy of this order on Mule Creek State Prison, Attention: Litigation Coordinator, 4001 Highway 104, Ione, CA 95640.

Dated: May 2, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/bark1386.eot

4