UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE BARKLEY, | No. 2:16-cv-01386 KJM CKD P |
| Plaintiff, | |
| v. | ORDER |
| C. SMITH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is defendant Pettersen's motion to modify the discovery and scheduling order. ECF No. 53. The two remaining defendants, C. Smith and W. Vaughn, along with G. Pettersen, also recently filed a joint motion for summary judgment. ECF No. 57. Plaintiff has not filed any opposition to defendant Pettersen's motion to modify the scheduling order in this case. For the reasons explained below, the court will deny defendant Pettersen's motion to modify the discovery and scheduling order without prejudice.

**I.  Background**

This case is proceeding on the Eighth Amendment deliberate indifference claims against defendants Dr. Smith, Dr. Vaughn, and Dr. Pettersen who were employed at Mule Creek State Prison where plaintiff is incarcerated. Defendants Smith and Vaughn were served and filed their answer on November 1, 2016. See ECF No. 16. After further efforts were made to obtain an

1

address for serving defendant Pettersen, the court issued a discovery and scheduling order on March 6, 2017.  See ECF No. 26.  Based on plaintiff's motion, the discovery deadline was extended until October 13, 2017.  See ECF No. 30.  By order of September 29, 2017, the court once again extended the discovery deadline to January 12, 2018 and re-set the dispositive motions deadline to April 12, 2018.  See ECF No. 40.  Defendant Pettersen was subsequently served and filed an answer on February 5, 2018.  ECF No. 52.

**II.     Motion to Modify the Discovery and Scheduling Order**

In his motion to modify the current discovery and scheduling order, defendant Pettersen points out that the discovery period had closed before he filed his answer.  ECF No. 53 at 1.  As a result, he "has not had an opportunity to conduct discovery in this matter and therefore cannot prepare an adequate defense to Plaintiff's claims."  Id.  However, before the court could rule on the pending motion to modify the scheduling order, defendant Pettersen, along with the remaining two defendants, filed a motion for summary judgment asserting that "there are no triable issues of fact to support a finding that Defendants were deliberately indifferent to Plaintiff's medical needs…."  ECF No. 57 at 1.

**III.    Analysis**

A party requesting a modification of the scheduling order must establish good cause for any amendment.  Fed. R. Civ. P. 16(b)(2).  The good cause standard of Rule 16(b) focuses primarily on the reasons for seeking modification.  See C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 984 (9th Cir. 2011).

While defendant Pettersen has demonstrated good cause based on his lack of discovery, the motion to modify the scheduling order governing this case is mooted by his pending motion for summary judgment.  ECF No. 57.  If the motion for summary judgment is granted with respect to defendant Pettersen then there will be no need to engage in further discovery or to modify the scheduling order.  Therefore, in the interests of judicial economy, the court will deny the motion to modify the discovery and scheduling order without prejudice.

/////

/////

Accordingly, IT IS HEREBY ORDERED that defendant Pettersen's motion to modify the discovery and scheduling order, ECF No. 53, is denied without prejudice.

Dated: April 26, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/bark1386.motion2modifyDSO.docx